CIRCUIT COURT FOR WASHINGTON COUNTY, MAY TERM, 1871.

## WM. B. CHATFIELD v. WASHINGTON COUNTY.

Re-enacting the law fixing the salary of the county treasurer, does not deprive him of the right to a percentage for receiving school funds, allowed to him by a statute not referred to in the re-enactment.

*W. D. Hare,* for the plaintiff.

*G. H. Durham,* for the defendant.

UNDER ss. 254, 5 and 6 of the code, this case was submitted, upon an agreed statement of facts, to the circuit court. UPTON, J., presiding.

The parties state that the plaintiff is treasurer of Washington County, and as such, has in his hands $6,000, collected by him, and belonging to what is known as the irreducible school fund, and that he has received no compensation for his services in that relation, aside from the salary which he draws as treasurer.

In 1856, an act was passed which authorized the board of school land commissioners "to demand the services of any county officer in any business relating to the school lands and funds in his county;" and provides that the county treasurer, if so required, shall receive, receipt for, and safely keep such funds, and that "county treasurers, for their services under this act, shall receive out of the general fund one per cent. of the amount of school moneys received by them.

A law of 1854 gave to the treasurer of Washington County a salary of three hundred dollars. An act was passed in 1868, making no allusion to the act of 1866, but amending and re-enacting the section that fixed the salaries of county treasurers. It changed the salaries of some other treasurers, but left that of the Washington County treasurer as before—three hundred dollars.

*It was held,* that the amendment made in 1868 did not deprive the treasurer of Washington County of the right to receive one per cent., although the act of 1854, and the amendment made in 1868, both speak of the salary "as a full compensation for the services" of county treasurers.